THOMAS EVANS vs. McCULLEN POLLOCK and RICHARD DOWNS.

*Assumpsit.    Verdict for Defendant.*

A creditor is not bound by a contract to receive from his debtor a smaller sum in
money, for his discharge from a greater, unless the money is actually paid and
accepted at the time.   No subsequent tender will avail him.   The creditor has
a right to refuse it.

A motion is made for a new trial in this case, upon two grounds :
1st. That the Court erred, in charging the Jury that the contract
of the plaintiff, with defendant, *Downs*, to receive Ten Dollars,
in discharge of said defendant's liability as indorser of the note
sued on, was a valid contract, and that payment of said sum was a
discharge of such liability.    2nd. That the Court erred, in charging
the Jury that the tender of said Ten Dollars, was equivalent to a
reception of the same by the plaintiff, in discharge and satisfaction
of said defendant's liability as indorser, as aforesaid.

Mr. A. J. MILLER, *for the Plaintiff*—who refers the Court to the
following cases, in support of his motion : 1 *Strange* 425.    19 No.
Law Libra. 111.    5 *East's* R. 230.    2nd. *T. R.* 24.    2 *Hen.
Blac.* R. 317.    1 *Ld. Raym.* 122.    2 *Johns.* R. 448.    5 *Johns.*
R. 386.    9th. English C. L. R. 152.    2nd. *Camp.* R. 124 and
383.    11 *East's* R. 390.    2 *Starkie's* R. 417.    3 *Camp.* R. 175.
2 *Barn. & Cresswell* R. 477.

Mr. CRAWFORD, *for Defendant*—refers the Court to 3 *Johns.*
Cases, 243.    16 *Johns.* R. 86—and 2 *T. R.* 4, as to granting new
trials.

In this case, the defendant, *Downs*, offered the plaintiff, *Evans*,
Ten dollars, to let him off from all liability, as indorser on the note
made by the defendant, *Pollock*, which the plaintiff agreed *to*—but no
money was paid as a satisfaction.    In some short time after, the
defendant, *Downs*, tendered the Ten dollars to the plaintiff, who
refused to receive it, and brought this action to recover the note and
interest, which was about $180 ; and upon the trial, the defendant
proved the agreement and subsequent tender of the $10, and the

e

[Evans vs. Pollock and Downs.]

refusal to receive it by the plaintiff—and upon the trial, the Court charged the Jury, that if the plaintiff chose to make such a contract, *it* was a valid *one ;* and that a tender and refusal of the money, was equivalent to a performance of the agreement, by the defendant, *Downs ;*—and the Jury found for the defendant.

But upon this motion, the Court has been referred to the authorities before stated ; and upon a full examination of them, the rule is as follows :—If a creditor agree to accept a less amount than his debt, in property, and does accept in discharge, the defendant may plead it by way of accord and satisfaction : or if the creditor agree to accept payment of the *full* amount of his debt, in some other species of property, and it is afterwards tendered to him, and he refuses to receive it, this amounts to an accord and satisfaction, and may be successfully pleaded to such demand. But where a creditor agrees to accept a smaller sum in *money*, in satisfaction, and the money is not paid by the debtor, and accepted by the creditor, at the *time*—no subsequent tender of such less sum, and refusal by the creditor, will amount to an accord and satisfaction of the debt.

In this case, therefore, the Court not having drawn the proper distinction between a *tender* of the *full amount* of the *debt, either in money or property*, and a tender of only a *small part* in money— which does not amount to an accord and satisfaction, even if the creditor agreed to take *it*, but did not receive it at the *time*, and subsequently refused : Such subsequent refusal does not amount to a receipt of the money, as in other cases of contract, where tender by one, and refusal by the other, will amount to a performance of the contract.

The Court, therefore, did err, when it charged the Jury, that a tender of the $10, subsequently, by *Downs*, to the plaintiff, did amount to an accord and satisfaction of the liability of the defendant, on the note sued on, and that the plaintiff might sue the defendant, *Downs*, for the $10.

A new trial is, therefore, ordered, before another Special Jury, for the mis-direction of the Judge in point of Law.

JOHN SHLY, Judge
*Superior Courts, Middle District, Georgia.*